**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| LEE COUNTY CHILD CARE | ) | |
| COUNCIL, INC. | ) | CASE NO. 11-70168 |
| | ) | |
| Debtor. | ) | |

## MEMORANDUM DECISION

The United States Trustee filed a Motion to Dismiss Case (the "Motion") on August 31, 2011, moving for dismissal under 11 U.S.C. § 1112(b)(1) for six defined causes provided in 11 U.S.C. § 1112(b)(4). The Debtor, serving as debtor-in-possession in this case, filed an Objection to Motion to Dismiss (the "Objection") on September 29, 2011, arguing against the applicability of each ground of dismissal to this case. After considering the Motion and Objection, the evidence presented at the hearing on October 4, 2011, and the exhibits and other pleadings filed in the case, the Court will grant the United States Trustee's Motion to Dismiss Case pursuant to 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(I).

This Court has jurisdiction of this case by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. A motion to dismiss a debtor's case is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2) because the Bankruptcy Code in § 1112 explicitly accords to the Court the determination of (1) when "cause" has been established to dismiss or convert a chapter 11 case, and (2) whether a case in which "cause" has been demonstrated ought to be dismissed or converted to chapter 7.

The Motion is brought under § 1112(b)(1), which provides the general rule that

"on request of a party in interest, and after notice and a hearing, the court **shall** convert . . . or dismiss" (emphasis added) a Chapter 11 case "for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate." Under the circumstances presented in this case, the Court finds no reason to believe that the best interests of creditors and the estate would be served by the appointment of a trustee or examiner here. This general rule, however, is subject to two exceptions. First, a bankruptcy court is precluded from converting the case to Chapter 7 "if the debtor is a farmer or a corporation that is not a moneyed, business, or commercial corporation, unless the debtor requests such conversion."[1] 11 U.S.C. § 1112(c). Second, § 1112(b)(2) provides that the court "may not" convert or dismiss a Chapter 11 case "if it finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate" and certain other conditions set forth in subsections (A) and (B) of that section are satisfied.

Of the sixteen examples of cause provided in § 1112(b)(4), the United States Trustee alleges in its Motion six grounds which would lead to dismissal or conversion under § 1112(b)(1). These grounds include the Debtor's alleged failures to: append either its Federal income tax return or a statement of noncompliance to the voluntary petition; file an operating report for the period after June 30, 2011; comply with the Court's March 2, 2011 order requiring certain reports; respond to the United States Trustee's requests for tax returns; maintain the Debtor's corporate status; and operate the business so as to prevent substantial or continuing loss

---

[1] This provision would appear to be applicable in this case as the Debtor operates as a non-profit corporation. The point is only of possible academic interest, however, as the Court in any case has determined that dismissal of the case is the appropriate action.

2

to the estate.  At the hearing upon the Motion, the United States Trustee alleged a related ground for dismissal or conversion, § 1112(b)(4)(I), based upon the Debtor's alleged failure to timely pay payroll taxes and file annual Form 990 returns with the Internal Revenue Service ("IRS"). Although notice and a hearing are statutorily required under  § 1112(b)(1) and this final allegation was not contained in the United States Trustee's written motion, the Court believes that the Debtor was on notice of this issue through the written allegations that the United States Trustee did make concerning Debtor's federal tax forms as well as the arguments brought forward at the October 4, 2011 hearing by counsel for the United States Trustee and counsel for the Debtor.  While the parties addressed all of these contentions in their written responses and at the hearing, the Court will focus solely on the Debtor's failure to file its 2010 annual federal Form 990 tax return.  The Court has elected to dismiss the case on this particular ground, although it was not one explicitly raised in the Motion, because the Court regards it as the most serious and most deserving of case dismissal and regards the other grounds relied upon, although some are certainly supported factually, as being more technical in nature or ones which the Debtor provided evidence at the hearing were the result of innocent mistakes rather than intentional disregard of the Debtor's Chapter 11 obligations.  The Court is also satisfied that this issue was specifically addressed at the hearing and the Debtor was provided an opportunity to respond to it.

       The Debtor filed its voluntary petition on January 28, 2011, designating itself as a small business debtor.  In so doing, the Debtor made applicable to the debtor-in-possession additional duties under 11 U.S.C. § 1116, including the duty to "timely file tax returns and other required government filings."  11 U.S.C. § 1116(6)(A).  As a registered charitable organization,

the Debtor was required to file annual returns with the IRS through a Form 990 no later than May 15 of the following year. Thus, under § 1116(6)(A), the debtor-in-possession in this case was obligated to timely file at least the 2010 annual return, as it was due on May 15, 2011, which was several months after the Debtor filed its voluntary petition initiating this bankruptcy case. At the October 4, 2011 hearing upon the United States Trustee's Motion, Ms. Lisa Shelburne, the Executive Director of the Debtor, testified that the 2008 annual return was only filed with the IRS within the past six weeks and that the 2009 and 2010 returns could be filed by October 7, 2011. Ms. Shelburne also conceded that the organization had not applied for a three-month extension to file the 2010 annual return, which the United States Trustee described as automatically given upon application. Based on the above testimony, the Court concludes that the debtor-in-possession has not met the duty required by § 1116(6)(A).

As a consequence, the Court also concludes that the United States Trustee has established cause under § 1112(b)(4)(I) to dismiss this case under § 1112(b)(1). The Debtor concedes that the 2010 annual return was not filed when due on May 15, 2011 during the pendency of this case, as required by § 1116(6)(A), and that no request for an extension of time was made. Such inattention or inability constituted a "failure timely . . . to file tax returns due after the date of the order for relief." 11 U.S.C. § 1112(b)(4)(I). Accordingly, the Court must determine whether there are "unusual circumstances" present in this case which establish that dismissal or conversion is not in the best interest of creditors or the estate. *See* 11 U.S.C. § 1112(b)(2). The Court finds that no such circumstances have been established. The testimony from Ms. Shelburne portrayed the Debtor as a typical non-profit entity struggling with financial demands and paperwork requirements with which many businesses contend. Although the

Debtor is a charitable organization and works to serve the community, there is simply no evidence of "unusual circumstances" here within the meaning of § 1112(b)(2) to establish that dismissal or conversion is not in the best interest of the creditors and the estate. That being the case, the Court need not address whether the situations detailed in subsections (A) and (B) of § 1112(b)(2) are presented, which are pertinent only when the existence of "special circumstances" has been determined.

Even if this case were one in which the Court might consider conversion to Chapter 7 without the Debtor's consent, the evidence clearly demonstrates that the Debtor's liquidation would not serve the creditors' interests. There appears to be no dispute that the Debtor has no appreciable assets which are not subject to valid security interests or other liens, so a liquidation would produce nothing for the benefit of general unsecured creditors. The Debtor provided evidence at the hearing that operations in recent months have improved, and that changes in its operating policies and procedures have been made, such as different payment schedules, which will allow it to be viable going forward. The Debtor also indicated that it has good relations with its creditors. Finally, the Debtor is attempting to prepare and present to the IRS an "offer in compromise" of its daunting liability for unpaid pre-petition payroll taxes. Before that can be done, however, its annual Form 990 tax returns must be filed. Even after being able to present an offer in compromise, the time frame for consideration of that offer may require many months. Given this evidence of continuing viability, the Court finds that dismissal of the case is considerably more likely to benefit the creditors and the estate than would be the case with conversion to a case under Chapter 7.

Although the Court is satisfied that "cause" for dismissal has been established, it

nevertheless has been somewhat troubled by the United States Trustee's insistence that the case be dismissed. This organization is one which serves a vital public need, namely the providing of safe and competent child care to the working citizens of Lee County, Virginia, which is an area which cannot support the type of social welfare organizations which may be more common in more populated and prosperous areas. It is undoubtedly true that the organization, under the strains of financial stress which have doomed many much larger and better staffed organizations, and likely also as a result of its own mismanagement, incurred pre-petition an enormous liability for unpaid payroll taxes. That course of conduct has not been permitted to continue during the pendency of this case and the evidence adduced at the hearing indicated that as of the hearing date the Debtor was fully current with its post-petition payroll obligations. The United States Trustee has chosen to concentrate his attention upon the failings and shortcomings of the Debtor's performance so far in this case, some of which are material, rather than the unmistakable signs of positive change and sincere efforts to open a new chapter in this organization's life which are also part of the total picture. Although the IRS is represented by counsel in this case, it has not sought the dismissal of the case on the ground that it would not be willing under any circumstances to accept a reorganization plan which provides it anything less than what the Bankruptcy Code provides that it is entitled to insist upon. Rather that contention has been vigorously advanced by the United States Trustee. In addition, all of the professionals attempting to assist the Debtor in the reorganization of its affairs are acting pro bono. Accordingly, it is not that surprising that attending to the organization's needs, such as the preparation of its required returns, may not always receive such professionals' highest priority attention. The Court has been impressed by Ms. Shelburne's commitment to the organization

and with her efforts, admittedly inadequate at times, to keep the organization operating and at the same time deal with the responsibilities of a Chapter 11 debtor-in-possession.  Experience teaches us, especially the longer we are here in this world, that we are imperfect creatures, often much more in need of grace than the unerring application of the fullest strictures of the law.  It may be, however, and hopefully will be, that a "timeout" from the requirements of operating in Chapter 11 will turn out to be just what this Debtor needs in order to get its business and legal affairs in order and then perhaps return to this Court, if need be, at a later time more prepared to proceed expeditiously to obtain a reorganization of its business based on a combined commitment to continue to serve its mission and to meet its obligations to its creditors to the extent that it is financially able to do so.  Accordingly, the dismissal order will be without prejudice to an appropriate new filing at a later date when and if warranted.

An Order in accordance with the above decision will be entered contemporaneously herewith.

**Decided this 11th day of October, 2011.**

_William F. Stone, Jr._

_____
UNITED STATES BANKRUPTCY JUDGE